UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

COREY SPENCER, on behalf of
[D.S.], a minor,

                                    Hon. Robert J. Jonker

     Plaintiff,                        Case No. 21-1019

v

GULL LAKE COMMUNITY SCHOOLS,

       Defendant.
_____/

| | |
|---|---|
| Corey Spencer | TIMOTHY J. MULLINS (P28021) |
| *In pro per* | TRAVIS M. COMSTOCK (P72025) |
| 9886 N. 32nd Street | GIARMARCO, MULLINS & HORTON, P.C. |
| Richland, MI 49083 | *Attorneys for Defendant* |
| (269) 215-9410 | 101 W. Big Beaver Road, 10th Floor |
| cdspencer2189@gmail.com | Troy, MI 48084-5280 |
| | (248) 457-7020 |
| | tmullins@gmhlaw.com |
| | tcomstock@gmhlaw.com |

_____

**DEFENDANT GULL LAKE COMMUNITY SCHOOLS'
*AMENDED* MOTION TO DISMISS (WITH BRIEF IN SUPPORT)
PURSUANT TO FED. R. CIV. P. 12(B)(1) AND (B)(6)**

**ORAL ARGUMENT REQUESTED**

**Statement Regarding Concurrence Under LCivR 7.1(d):** On December 9, 2021, counsel for the Defendant, Travis Comstock, contacted Plaintiff's counsel, David Delaney, by email, apprised him of the nature and basis for the motion, and sought concurrence. Plaintiff's counsel requested and received a draft copy of the motion. However, presumed counsel has not yet filed an appearance, and thus counsel for the Defendant re-sought concurrence from the Plaintiff directly by email on February 2, 2022. Concurrence in the relief requested was not received as of this filing.

## _AMENDED_ MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) and (b)(6)

Defendant Gull Community Schools (District) moves to dismiss the Plaintiff's Complaint, and in support states as follows:

1.    The Plaintiff filed a complaint in state court on or about November 16, 2021. (ECF No. 1-2.)

2.    The Plaintiff also sought an _ex parte_ Temporary Restraining Order, which the state court denied by order dated November 16, 2021. (Notice of Removal, Exhibits 2-3, ECF Nos. 1-3, 1-4.)

3.    The District removed this case on December 3, 2021 to federal court based on federal question jurisdiction. (ECF No. 1.)

4.    In lieu of answering the Complaint, this motion to dismiss is timely filed by agreement with Plaintiff's counsel for a 28-day extension to the original deadline to answer or take other action and pursuant to Fed. R. Civ. P. 81(c).

5.    The Plaintiff's Complaint states that his minor child, a 3rd grader, was temporarily excluded from attending the District in-person due to being determined to be a close contact of a COVID-19 positive person on November 12, 2021. (Complaint, ¶¶ 1, 5-7; ECF No. 1-2, PageID.10.)

6.    This temporary exclusion, based on federal, state, and local health authorities' COVID-19 quarantine recommendations, ended on November 23, 2021. (Compl., ECF No. 1-2, PageID.16.)

1

7.     Because the minor student's temporary exclusion for quarantine purposes ended on November 23, 2021, the Plaintiff's federal constitutional claim (Count II) is moot, and thus, the Court lacks jurisdiction and should dismiss that Count. Fed. R. Civ. P. 12(b)(1). *Ramsek v. Beshear*, 989 F.3d 494 (6th Cir. 2021).

8.     Even if the federal claim is not moot, the Plaintiff fails to state a claim on which the Court can grant relief. Fed. R. Civ. P. 12(b)(6).

9.     The Plaintiff's alleged 14th Amendment procedural due process violation has been uniformly rejected by multiple courts as a matter of law when considering the same or similar allegations in the context of local health agency or school district mask requirements.

10.     Courts have held that "it is black letter law that a person is not entitled to procedural due process protections against government action that is legislative in nature." *Hopkins Hawley LLC v. Cuomo*, 518 F. Supp. 3d 705, 714 (S.D.N.Y. 2021) (citing omitted)

11.     In the context of COVID-19 emergency actions to protect health and safety, this Court relied on U.S. Supreme Court precedent when it rejected a procedural due process challenge to a prior state epidemic order requiring masks at schools. *Libertas Classical Ass'n v. Whitmer*, 498 F. Supp. 3d 961, 975-76 (2020).

12.     The Plaintiff also fails to articulate the liberty or property interest allegedly violated, which is fatal to the claim.

13.    To the extent the interest asserted is a liberty or property interest in attending school, courts reject claims to public education without complying with traditional vaccine requirements or wearing masks if required by state or local authorities such as a school district. *Doe v. Franklin Square Union Free Sch. Dist.*, __ F. Supp. 3d __, 2021 WL 4957893, at *4 (E.D.N.Y. Oct. 26, 2021) ("[T]he Court concludes that the Mask Mandate does not impinge upon any fundamental right."); *P.M. by & Through Maras v Mayfield City Sch. Dist. Bd. of Ed.*, No. 1:21-CV-1711, 2021 WL 4148719, at *2 (N.D. Ohio, September 13, 2021) (Holding that plaintiff had not "been denied a life, liberty, property or fundamental right; nor how wearing a mask impedes her child's property interest in school attendance.")

14.    The analysis and reasoning by these courts rejecting a 14th Amendment due process challenge to a mask requirement should be applied to the District's reasonable and legitimate request that the Student quarantine for the health and safety of all other students and staff. Thus, Count II fails to state a claim on which this Court can grant relief

15.    Count I also fails to state a claim for relief. Michigan law provides the District the express authority to take actions deemed necessary to protect the health and safety of all its students. Mich. Comp. Law § 380.11a(3)(b).

16.    Michigan appellate courts hold that the statute "**vests broad authority in school districts** to adopt policies to ensure the safety and welfare of its students

3

while at school." *Liebau v. Romeo Cmty. Sch.*, No. 306979, 2013 WL 3942392, at *5 (Mich. Ct. App. July 30, 2013).

17.     Mich. Comp. Law § 380.11a(3) also grants the District powers that are implied or incidental to that "broad authority" to protect all students' health.

18.     And even though parents have the statutory right "to be involved in the education of their child," that right is "**subject to** the school's broad authority" to adopt policies pertaining to health and safety. *Liebau*, 2013 WL 3942392, at *6 (reconciling Mich. Comp. Law § 380.11a and § 380.10) (emphasis added).

19.     In the alternative, Plaintiff's federal claim being insufficient to state a claim for relief as a matter of law, the Court should decline to exercise supplemental, or pendent, jurisdiction and dismiss the state constitutional claims.

**WHEREFORE** the Defendant Gull Lake Community Schools respectfully requests that the Plaintiff's Complaint be dismissed for mootness or the failure to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(1), (b)(6).

Respectfully submitted,

GIARMARCO, MULLINS & HORTON, PC

/s/ Travis Comstock
TRAVIS COMSTOCK (P72025)
Attorneys for Defendants
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7036
Dated: February 4, 2022     tcomstock@gmhlaw.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

COREY SPENCER, on behalf of
[D.S.], a minor,

                                                 Hon. Robert J. Jonker

    Plaintiff,                          Case No. 21-1019

v.

GULL LAKE COMMUNITY SCHOOLS,

       Defendant.
_____/

| | |
|---|---|
| Corey Spencer | TIMOTHY J. MULLINS (P28021) |
| *In pro per* | TRAVIS M. COMSTOCK (P72025) |
| 9886 N. 32nd Street | GIARMARCO, MULLINS & HORTON, P.C. |
| Richland, MI 49083 | *Attorneys for Defendant* |
| (269) 215-9410 | 101 W. Big Beaver Road, 10th Floor |
| cdspencer2189@gmail.com | Troy, MI 48084-5280 |
| | (248) 457-7020 |
| | tmullins@gmhlaw.com |
| | tcomstock@gmhlaw.com |

_____/

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. iii

QUESTIONS PRESENTED FOR REVIEW ..........................................v

STATEMENT OF MOST CONTROLLING AUTHORITY ............................ vi

INTRODUCTION ........................................................................1

FACTS ...................................................................................3

STANDARD OF REVIEW ...............................................................6

ANALYSIS................................................................................7

I.      The claims are moot because the Student's quarantine ended ...................8

II.     Plaintiff fails to state claims on which relief can be granted....................10

        a.      No 14th Amendment Procedural Due Process violation ................11

        b.      State Law unambiguously grants the District the authority
                to temporarily exclude COVID-19 close contacts .........................16

        c.      In the alternative, the Court should decline to exercise
                supplemental jurisdiction ................................................18

CONCLUSION ..........................................................................19

CERTIFICATE OF COMPLIANCE WITH LCivR 7.2 ....................................21

CERTIFICATE SERVICE ...............................................................21

# TABLE OF AUTHORITIES

## Cases

*Ailor v. City of Maynardville, Tennessee*, 368 F.3d 587 (6th Cir. 2004) ...........10

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) ...................... vi,vii,6

*Ass'n of Am. Physicians & Surgeons v. United States Food & Drug Admin.*, 13 F.4th 531 (6th Cir. 2021) ...................................................................6

*Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545 (6th Cir. 2007)........................................................................................7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 555 (2007)........................................... vii,6

*Bi-Metallic Inv. Co. v. State Bd. of Equalization*, 239 U.S. 441 (1915)..............12

*Bos. Bit Labs, Inc. v. Baker*, 11 F.4th 3 (1st Cir. 2021) .......................................9

*Cleveland Branch N.A.A.C.P. v. City of Parma, Ohio*, 263 F.3d 513 (6th Cir. 2001).........................................................................................9

*Doe v. Franklin Square Union Free Sch. Dist.*, __ F. Supp. 3d __, 2021 WL 4957893, (E.D.N.Y. Oct. 26, 2021) ...................................................14

*Dover v. Yanfeng US Auto. Interior Sys. I LLC*, __ F. Supp. 3d __, No. 20-CV-11643, 2021 WL 4440324, (E.D. Mich. Sept. 28, 2021) .................6

*Harris v. Univ. of Massachusetts, Lowell*, __ F. Supp. 3d __; No. 21-CV-11244-DJC, 2021 WL 3848012, (D. Mass. Aug. 27, 2021) ............12

*Hernandez v. Grisham*, 508 F. Supp. 3d 893 (D.N.M. 2020) .............................13

*Hodel v. Va. Surface Mining & Reclamation Ass'n, Inc.*, 452 U.S. 264 (1981)................................................................................13

*Hopkins Hawley LLC v. Cuomo*, 518 F. Supp. 3d 705 (S.D.N.Y. 2021) ............12

*Jacobson v. Massachusetts*, 197 U.S. 11 (1905) .................................................14

*League of Indep. Fitness Facilities & Trainers, Inc. v. Whitmer*,
814 F. App'x 125, (6th Cir. 2020) .......................................................................14

*Libertas Classical Ass'n v. Whitmer*, 498 F. Supp. 3d 961 (2020) .....................13

*Liebau v. Romeo Cmty. Sch.*, No. 306979, 2013 WL 3942392
(Mich. Ct. App. July 30, 2013) ..................................................................... vii,17

*Oberheim v. Bason*, __ F. Supp. 3d __, No. 4:21-CV-01566,
2021 WL 4478333, (M.D. Pa. September 30, 2021) ..................................... 14,15

*Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320 (6th Cir. 1990)..............6

*P.M. by & through Maras v Mayfield City Sch. Dis.t Bd. of Edus.*,
No. 1:21 CV 1711, 2021 WL 4148719 (ND Ohio, September 13, 2021)...........14

*Parker v. Governor of Pennsylvania, et al.*, Case No. 20-3518,
2021 WL 5492803, (3rd Cir. Nov. 23, 2021) .....................................................10

*Ramsek v. Beshear*, 989 F.3d 494 (6th Cir. 2021) ......................................... vii,9

*Smith v. Jefferson Cty. Bd. of Sch. Comm'rs*, 641 F.3d 197 (6th Cir. 2011) ......12

*Wayside Church v. Van Buren Cty.*, 847 F.3d 812 (6th Cir. 2017) .....................6

*Women's Med. Pro. Corp. v. Baird*, 438 F.3d 595 (6th Cir. 2006) ...................11

## **Statutes and Court Rules**

Fed. R. Civ. P. 12(b)(1)......................................................................................6,20

Mich. Admin. Code, R 325.175(2) .......................................vi,vii,4,8,15,16,17,18

Mich. Comp. Law § 380.10 ................................................................................17

Mich. Comp. Law § 380.11a(3)(b) .......................................... vi,vii,3,8,15,16,18

Mich. Comp. Laws § 380.1252...........................................................................16

## QUESTIONS PRESENTED FOR REVIEW

**ISSUE ONE:** The Plaintiff admits that the temporary exclusion of his child from attending school in-person for quarantining purposes as a close contact ended on November 23, 2021. This was just 7 days after the Plaintiff filed his complaint in state court. Since the temporary exclusion for quarantining purposes under uniformly recognized COVID-19 recommendations is over, are the Plaintiff's claims moot thereby depriving this Court of jurisdiction?

**ISSUE TWO:** A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009). Courts around the country have rejected 14th Amendment due process challenges to mask or other COVID-19 health precautions because no fundamental rights or liberty interests are violated. The same analysis and conclusion should be applied to a requirement that a student determined to be a "close contact" should temporarily quarantine for the protection of others. Should Plaintiffs' federal claim against the Defendant Gull Lake Community Schools' ("District") be dismissed for failure to state a claim on which this Court may grant relief?

**ISSUE THREE**: Michigan law grants school districts broad statutory authority to protect all students' health and safety. Mich. Comp. Laws 380.11a(3)(b). Similarly, the District has the regulatory authority to temporarily exclude a student suspected of a communicable disease. Mich. Admin. Code, R 325.175(2). Because federal, state, and local health agencies uniformly recommend that a COVID-19 "close contact" quarantine for 10-14 days, did the District's temporary exclusion of the Plaintiff's child as a quarantine violate Michigan law?

## **<u>STATEMENT OF MOST CONTROLLING AUTHORITY</u>**

**Most Controlling Authority for Issue One:** *Ramsek v. Beshear*, 989 F.3d 494

(6th Cir. 2021)


**Most Controlling Authority for Issue Two**: *Ashcroft v. Iqbal*, 556 U.S. 662

(2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 555 (2007)


**Most Controlling Authority for Issue Three:** Mich. Comp. Laws 380.11a(3)(b);

Mich. Admin. Code, R 325.175(2); *Liebau v. Romeo Cmty. Sch.*, No. 306979,

2013 WL 3942392, at *5 (Mich. Ct. App. July 30, 2013)

**INTRODUCTION**

It cannot be reasonably disputed that the COVID-19 pandemic still impacts the day-to-day operations of a school. Because of the prevalent Delta variant, the CDC was still recommending universal masking in K-12 schools in early November 2021.[1] The CDC further recommended at that time that "staying home when sick and getting tested [as well as] contact tracing in combination with **quarantine and isolation** . . . are also important layers of prevention to keep schools safe."[2] As of December 8, 2021, Kalamazoo County remains at a High transmission level per the Centers for Disease Control and Prevention ("CDC").[3] The positivity rate has been trending higher since July 2021.  Now with the recent discovery of a new variant, Omicron,[4] continued diligence and prudence in the area of health and safety for students in an in-person school setting remains a legitimate interest of school districts across the country.

The Plaintiff's minor child was determined to be a "close contact" of a COVID-19 positive person within the school environment. As recommended by the CDC, Michigan Department of Health and Human Services, and the Kalamazoo County Health Department, the District temporarily excluded the minor child from

---

[1]     See     https://www.cdc.gov/coronavirus/2019-ncov/community/schools-childcare/k-12-guidance.html (updated Nov. 5, 2021).
[2] Id. (emphasis added).
[3] See https://covid.cdc.gov/covid-data-tracker/#county-view (Michigan, Kalamazoo County). See also transmission rate graph attached as Exhibit A.
[4] https://www.cdc.gov/coronavirus/2019-ncov/variants/omicron-variant.html

attending school in-person for quarantining purposes to protect the health and safety of other students and staff. The Plaintiff challenges this prudent health decision as being violative of state and federal law.

The Plaintiff's challenges are without merit. First, the temporary exclusion for quarantining purposes has ended and therefore the claims are moot. Federal courts have held that the events that must occur for this situation to reoccur are too speculative to overcome the mootness finding. Second, federal courts have unanimously held that a mask requirement in schools does not violate the 14th Amendment's procedural or substantive due process protections. The same analysis and reasoning easily applies to a temporary exclusion for the health and safety of other students and staff. Finally, state law unambiguously grants a school **broad authority** to make policy decisions for the overall health and well-being of the student body. And a parent's right under state law to participate in a child's education is subject to this broad authority. Further, by regulation a school district may exclude a student it reasonably suspects of having a communicable disease until determined otherwise by a health profession. Here that means quarantining until a negative COVID-19 test is obtained.

For any and all of these reasons the Court should dismiss the Plaintiff's complaint for lack of jurisdiction or failing to state a claim on which relief can be granted.

## FACTS

The facts are undisputed. Whether these facts provide the Court with jurisdiction or state claims for relief is what is at issue in the District's motion.

With the country, and world, still dealing with the COVID-19 pandemic and the new impact of the highly contagious Delta variant, the Kalamazoo County Health Department ("Health Department") issued an emergency public health order under state law requiring students in K-6th grade to wear a mask while attending school in person.[5] The Health Department also issued additional guidance for schools that recommended quarantining, as part of a multi-layered protection strategy, for those determined to be close contacts following contact tracing protocols.[6]

State law grants the District the authority and obligation to "provid[e] for the safety and welfare of pupils while at school . . . ." Mich. Comp. Laws 380.11a(3)(b). The District "may [also] exercise a power implied or incident to a power expressly stated" in the Revised School Code. *Id*. It addition, Michigan's Public Health Code's implementing regulation provides express authority to the District, when it "reasonably suspects that a student has a communicable disease", to "exclude the

---

[5] August 18, 2021 Emergency Order for Control and Prevention of COVID-19 Transmission in Educational Settings within Kalamazoo County, Michigan https://www.kalcounty.com/hcs/pdf_files/08.18.21%20KCHCS%20Mask%20Order.pdf (last accessed December 9, 2021). This order will expire on December 17, 2021. https://www.kalcounty.com/hcs/covid19.php.

[6] https://www.kalcounty.com/hcs/pdf_files/8.24.21%20Superintendent%20Memo_Further%20Guidance%20on%20Issued%208.18.21%20Public%20Health%20Order.pdf (last accessed December 9, 2021).

student for a period sufficient to obtain a determination by a physician or local health officer as to the presence of a communicable disease." Mich. Admin. Code, R 325.175(2).

The District's existing policy implements these express and implied powers by permitting it to "exclude students who are suspected of having a communicable disease until a physician or local health official determines the student is no longer a risk[.]" Board of Education Policy 5713 (adopted December 14, 2020). The authority to temporarily exclude a student reasonably suspected of having a communicable disease such as COVID-19 is also expressly provided in the District's Policy 3404 Communicable Diseases.[7]

The Plaintiff admits that, through contact tracing protocols, the District determined that the Plaintiff's minor child ("the Student"), a 3rd grader in the District, was a "close contact" of a COVID-19 positive person.  (Complaint, ¶ 6; ECF No. 1-2, PageID.10.) And the Plaintiff's Complaint admits that the temporary exclusion ended on November 23, 2021. (Compl., ECF No 1-2, PageID.15-16.) There is no allegation that the Student did not return on or before November 23, 2021. Nor is there any allegation that the Student did not continue to participate in education while following the quarantining recommendations.

---

[7]    Policies    available    at    https://meetings.boardbook.org/Public/Book/1057?docTypeId=39852&file=9e54284d-48a6-4fe5-b593-27a17270312a (last accessed December 9, 2021).

The Plaintiff filed a two-count complaint in the Kalamazoo County Circuit Court on November 16, 2021. (ECF No. 1-2, PageID.14. The Plaintiff, acting *pro per*, sought an *ex parte* temporary restraining order that the state court denied by order dated November 16, 2021. (ECF No. 1-4.) The District then removed the action to this Court pursuant to federal question jurisdiction based on the claim that the temporary exclusion violated the 14th Amendment (Count II). (ECF No. 1.) In lieu of an answer, the District timely files this motion to dismiss for the lack of jurisdiction or the failure to state a claim on which the Court can grant relief.

The Plaintiff challenges the District authority to temporarily exclude the Student from in-person learning due to the risk of infecting other students or staff with COVID-19. (ECF No. 1-2, PageID.12-13.) The Plaintiff alleges that the temporary exclusion for quarantining purposes violates the Student's right under the 14th Amendment to procedural due process. (Compl., ¶¶ 22, 25, ECF No. 1-2, PageID.12-13.)

5

## STANDARD OF REVIEW

The District challenges the Court's subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) on the grounds that the Plaintiff's claims are moot. "A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction generally comes in two varieties: a facial attack or a factual attack." *Dover v. Yanfeng US Auto. Interior Sys. I LLC*, __ F. Supp. 3d __, No. 20-CV-11643, 2021 WL 4440324, at *2 (E.D. Mich. Sept. 28, 2021) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). "A party raising a facial challenge argues that a complaint does not adequately plead standing even accepting its facts as true." *Ass'n of Am. Physicians & Surgeons v. United States Food & Drug Admin.*, 13 F.4th 531, 543 (6th Cir. 2021). Plaintiffs bear the burden of demonstrating jurisdiction exists. *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 817 (6th Cir. 2017) (citation omitted).

In the alternative, the District challenges the sufficiency of the Plaintiffs allegations to state claims on which the Court can grant relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570 (2007)). This facial plausibility standard requires claimants to put forth "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" the requisite elements

of their claims. *Twombly*, 550 U.S. at 557. While a complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555) (internal citations omitted).

Courts must accept the factual allegations in a complaint as true, *Twombly*, 550 U.S. at 556, but the presumption of truth does not apply to a claimant's legal conclusions, *Iqbal*, 556 U.S. at 678. Therefore, to survive a motion to dismiss, a plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548 (quoting *Twombly*, 550 U.S. at 555) (internal citations and quotations omitted).

## **ANALYSIS**

The essence of the Plaintiff's claims is that the District lacks the authority under state law and the federal Constitution to temporarily exclude "close contacts" for the protection of other students and to slow the spread of COVID-19. These claims are moot because the Student's temporary exclusion ended before or on November 23, 2021 and the Student has returned to attending school in-person.

Even if the claims are not moot, the Plaintiff fails to state a claim for relief under the 14th Amendment. (Count II). Federal courts considering challenges to

local health department or school district mask requirements have held that the emergency circumstances presented by the COVID-19 pandemic justify summary administrative action in such situations. Additionally, the Plaintiff fail to specify the exact property or liberty interest at issue, which is fatal to his 14th Amendment claim. And even if the interest is the general right to a public education, courts reject similar challenges asserted against mask requirements. The same analysis and reasoning should be applied here with equal force to the District's policy to temporarily exclude a close contact from attending school in-person.

With respect to the state law claim (Count I), the unambiguous language of Mich. Comp. Laws 380.11a(3)(b) grants the District the authority to take necessary steps to protect the health and welfare of all students. This is a "broad authority" that includes the necessary implied powers to effectuate that obligation. Further supporting this authority is Mich. Admin. Code, Rule 325.175(2) that grants the District the express authority to temporarily exclude a student reasonably suspected of having a communicable disease.

For any of these reasons the Court should dismiss the federal claim with prejudice and either dismiss the state law claim as well or decline to exercise supplemental jurisdiction.

## I.   The claims are moot because the Student's quarantine ended.

"[I]f a case is moot, [a court] lack[s] jurisdiction to proceed" and dismissal

under Rule 12(b)(1) is appropriate. *Ramsek v. Beshear*, 989 F.3d 494, 499 (6th Cir. 2021) (citation omitted). When considering mootness, and the burden on the party asserting, "the key question is whether the relief sought would, if granted, make a difference to the legal interests of the parties (as distinct from their psyches, which might remain deeply engaged with the merits of the litigation)." *Bos. Bit Labs, Inc. v. Baker*, 11 F.4th 3, 8 (1st Cir. 2021) (citation and quotation marks omitted). See also *Cleveland Branch N.A.A.C.P. v. City of Parma, Ohio*, 263 F.3d 513, 524 (6th Cir. 2001) (burden on party asserting mootness).

The Complaint admits that the Student's quarantine ended on November 23, 2021 – 7 days after the Plaintiff filed this Complaint. (ECF No. 1-2, PageID.16) ("Your student may return to school and other activities 11/23/21."). The District also offered the Plaintiff and Student an alternative way to return early – i.e., "test to stay[.]" (Id.) This would require a negative COVID-19 test on certain days after the November 12 exposure and then to wear a mask through November 26 (which actually meant through November 24 since the District was on break November 24-26 for the Thanksgiving holiday). Since the temporary exclusion ended, the claims are moot.

And it is entirely speculative that the Student will again be in close contact with a COVID-19 positive person and be temporarily excluded for purposes of a quarantine. As explained by the Third Circuit Court of Appeals, the reoccurrence of

exposure requires "an attenuated chain of events" that is too speculative to overcome mootness. *Parker v. Governor of Pennsylvania, et al.,* Case No. 20-3518, 2021 WL 5492803, at *3 (3rd Cir. Nov. 23, 2021) (attached as Exhibit B). While in the context of affirming dismissal for lack of standing, the Third Circuit quoted the district court's attenuated chain that noted seven discrete steps that all had to occur for the situation to be repeated. *Id*. The same analysis applies here. The Student must be (1) in close contact with another person, (2) that person must test for COVID-19, (3) the test must come back positive, (4) the test results must be communicated to the District, and (5) the District must determine the Student to be a close contact under CDC, MDHHS, and the Health Department protocols (i.e., Student not vaccinated or not naturally immune due to having COVID within last 3 months, within 3-6 feet, and either Student or positive person not wearing a mask). This is too attenuated of a chain of events to overcome the mootness of the claims now.

The expiration of the temporary quarantine, and the highly speculative nature of any reoccurrence, moots the Plaintiff's claims against the District. *Ailor v. City of Maynardville, Tennessee*, 368 F.3d 587, 596 (6th Cir. 2004) ("[A] case is moot when the issues presented are no longer 'live' . . . .") (citation omitted; alteration original). The Court should therefore dismiss the federal claim with prejudice.

## II.   Plaintiff fails to state claims on which relief can be granted.

Even if the Plaintiff's claims are not moot, the Plaintiff fails to state claims

for relief. Temporary exclusion pursuant to health authorities' quarantining recommendations is rational related to the District's legitimate interest in protecting all its students and staff by slowing the spread of COVID-19 and protecting other in the school environment from exposure. This is particularly true in times of emergency – i.e., a worldwide pandemic with constantly emerging variations of a highly contagious virus – that allow for summary administrative action like a temporary quarantine for the protection of others.

The facts as alleged fail to show any procedural due process violation under the 14th Amendment. And state law unambiguously provides the District with statutory and regulatory authority to temporarily exclude the Student based on COVID-19quarantine recommendations. Thus, the Court should dismiss Counts I and II for failing to state claims for relief, or dismiss Count II and decline supplemental jurisdiction over Count I.

### a.  No 14th Amendment Procedural Due Process violation.

Count II asserts a violation of the 14th Amendment's Procedural Due Process protections.  "In order to establish a procedural due process claim, a plaintiff must show that (1) he had a life, liberty, or property interest protected by the Due Process Clause; (2) he was deprived of this protected interest; and (3) the state did not afford him adequate procedural rights prior to depriving him of the property interest." *Women's Med. Pro. Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006) (citation

omitted). A property interest generally arises from state law while a liberty interest must be one of "those privileges long recognized . . . as essential to the ordinary pursuit of happiness by free men." *Id*. (citation and quotation marks omitted).

A threshold matter is whether the Plaintiff can even assert a procedural due process challenge when the policy at issue is legislative in nature and applies to all students even if it is akin to summary administrative action. As stated by one federal court when considering a challenge to COVID-19 restrictions at restaurants, "it is black letter law that a person is not entitled to procedural due process protections against government action that is legislative in nature." *Hopkins Hawley LLC v. Cuomo*, 518 F. Supp. 3d 705, 714 (S.D.N.Y. 2021) (citing *Bi-Metallic Inv. Co. v. State Bd. of Equalization*, 239 U.S. 441, 445 (1915)). Courts have applied this to various COVID-19 protection challenges including vaccines. See, e.g., *Harris v. Univ. of Massachusetts, Lowell*, __ F. Supp. 3d __; No. 21-CV-11244-DJC, 2021 WL 3848012, at *5 (D. Mass. Aug. 27, 2021) ("Because the Vaccine Policy is generally applicable to all students and formulated prospectively toward the fall semester (i.e., a legislative rule rather than an adjudication), they are 'not entitled to [process] above and beyond the notice provided by the enactment and publication' of the Vaccine Policy itself.") (citation omitted; internal alterations original).[8]

---

[8] See also *Smith v. Jefferson Cty. Bd. of Sch. Comm'rs*, 641 F.3d 197, 217 (6th Cir. 2011) (notice and opportunity to be heard not required for board's "legislative activity" related to budget).

Other courts have noted that in the context of the COVID-19 pandemic, summary administrative action for health and safety is permissible and does not result is a procedural due process violation. "[S]ummary administrative action may be justified in emergency situations." *Hernandez v. Grisham*, 508 F. Supp. 3d 893, 979 (D.N.M. 2020) (citing *Hodel v. Va. Surface Mining & Reclamation Ass'n, Inc.*, 452 U.S. 264, 300 (1981)). "Deprivation of property to protect public health and safety is 'one of the oldest examples' of permissible summary action." *Id.* (citation omitted). And, "[d]uring the COVID-19 pandemic, district courts across the country have denied procedural due process claims relating to state governments' COVID-19 policies." *Id.* (collecting cases). A recent decision from this Court specifically relied on *Hodel* when it rejected a procedural due process challenge to a prior MDHHS order requiring masks at schools. *Libertas Classical Ass'n v. Whitmer*, 498 F. Supp. 3d 961, 975-76 (2020).

Similarly, the District's policy of temporarily excluding students determined to be close contacts, and thus a risk to the health and well-being of others until they obtain a negative COVID-19 test or the 10-day quarantine has passed, applied to all students in the District. Although it was summary in nature, by making an across-the-board policy decision on what action would be taken for any close contact, it is permissible in the emergency context of the COVID-19 pandemic and high transmission rates in the county. Thus, the temporary exclusion for quarantining

13

purposes cannot be a basis for the Plaintiff's procedural due process claim.[9]

Even if the Plaintiff's challenge could be asserted, he fails to articulate any recognized property right or liberty interest. For this reason alone, the Plaintiff **cannot** "establish a procedural due process claim." *Baird*, 438 F.3d at 611. Count II should therefore be dismissed for this reason as well.

To the extent the right asserted is to a free public education under state law, one court considering the substantive protections under the 14th Amendment has stated that a parent's "authority stops, so to speak, at the schoolhouse door." *Doe v. Franklin Square Union Free Sch. Dist.*, __ F. Supp. 3d __, 2021 WL 4957893, at *4 (E.D.N.Y. Oct. 26, 2021) (lack of fundamental right for parents to dictate curriculum issues applies to health regulations). Even if there is a right to access public education under Michigan law or the federal constitution, see, e.g., *Oberheim v. Bason*, __ F. Supp. 3d __, No. 4:21-CV-01566, 2021 WL 4478333, at *5 (M.D. Pa. September 30, 2021), there is no right not to be excluded temporarily due to possible COVID-19 contagion just as there is no right not to wear a mask, *P.M. by & through Maras v Mayfield City Sch. Dis.t Bd. of Edus.*, No. 1:21 CV 1711, 2021 WL 4148719 at *5 (ND Ohio, September 13, 2021) (attached as Exhibit C). The court in *P.M.*

---

[9] See also *League of Indep. Fitness Facilities & Trainers, Inc. v. Whitmer*, 814 F. App'x 125, 127 (6th Cir. 2020) ("All agree that the police power retained by the states empowers state officials to address pandemics such as COVID-19 largely without interference from the courts.") (citing *Jacobson v. Massachusetts*, 197 U.S. 11, 29 (1905).

stated that it "neither sees where Plaintiff has been denied a life, liberty, property or fundamental right; nor how wearing a mask impedes her child's property interest in school attendance." *Id*., at *3 (citations omitted). See also *Oberheim*, 2021 WL 4478333, at *5 ("Just as a school district's immunization requirement does not unlawfully deprive its students of their legitimate entitlement to public education, neither does a mask mandate.").

Entitlement to a public education is distinctly different from asserting that your child can stay in school with a possible highly contagious communicable disease like COVID-19 contrary to the District's obligation to protect all students' health and to temporarily exclude a student that may have COVID-19. Mich. Comp. Laws 380.11a(3)(b); Mich. Admin. Code, R 325.175(2)). The temporary exclusion "is an example of a summary administrative action designed to prevent the spread of COVID-19." *Grisham*, 508 F. Supp. 3d at 979.

In sum, as a matter of black letter law, the Plaintiff cannot challenge the District's legislative decision to require those suspected of having COVID-19 to be temporarily excluded from attending school in-person. Akin to summary administrative action, it is permissible given the ongoing emergency situation presented by COVID-19. The Plaintiff also fails to articulate the specific property or liberty interest that is at issue. But even if it is the general entitlement to a public education, temporarily excluding a student to protect the health of others does not

15

impinge on that interest. Thus, Count II fails to state a claim for.

### b. State Law unambiguously grants the District the authority to temporarily exclude COVID-19 close contacts.

Count I of the Plaintiff's Complaint alleges that the District violated Michigan's Revised School Code, 1976 PA 451, Mich. Comp. Laws 380.1, *et seq*. The Plaintiff appears to assert that the District violated Mich. Comp. Laws 380.1252, (Compl. ¶ 14, ECF No. 1, PageID.11), which authorizes the District's Board to hire registered nurses. The Plaintiff contends that the District violated this section because allegedly only the Health Department can require the Student to quarantine. (Compl. ¶ 17, ECF No. 1-2, PageID.12.) But the Plaintiff's argument ignores the plain language of Mich. Comp. Laws 380.11a and Rule 325.175(2) of the Public Health Code.

The Revised School Code grants the District the express authority to "[p]rovid[e] for the safety and welfare of pupils while at school . . . ." Mich. Comp. Laws 380.11a(3)(b). That authority includes "exercis[ing] a power implied or incident to" providing for the safety and welfare as well as "exercis[ing] a power incidental or appropriate to the performance of a function related to operation of a public school . . . ." Mich. Comp. Laws 380.11a(3). Although decisions by Michigan courts construing Section 380.11a are sparse, the Michigan Court of Appeals has held that the statute "**vests broad authority in school districts** to adopt policies to

16

ensure the safety and welfare of its students while at school." *Liebau v. Romeo Cmty. Sch.*, No. 306979, 2013 WL 3942392, at *5 (Mich. Ct. App. July 30, 2013) (emphasis added; upholding ban on nut products throughout school) (attached as Exhibit D). The *Liebau* court went on to hold that that even though parents have the statutory right "to be involved in the education of their child," that right is "**subject to** the school's broad authority" to adopt policies pertaining to health and safety. *Liebau*, 2013 WL 3942392, at *6 (reconciling Mich. Comp. Law § 380.11a and § 380.10). The District therefore has the unambiguous "broad authority" to temporarily exclude the Student if it determined, based on federal, state and local health recommendations[10] and protocols, that the Student was a close contact of a COVID-19 positive person.

That express statutory authority is augmented by the plain language of Mich. Admin. Code, Rule 325.175(2), which implements provisions of the Public Health Code. Rule 325.175(2) provides that when the District "**reasonably suspects** that a student has a communicable disease" an employee "**may exclude** the student for a period sufficient to obtain a determination by a physician or local health officer as to the presence of a communicable disease." (emphasis added). Given the data

---

[10] See Footnote 1, *supra*, (CDC school isolation and quarantine recommendations), MDHHS's August 13, 2021 guidance (https://www.michigan.gov/documents/coronavirus/COVID-19_Guidance_for_Operating_Schools_Safely_728838_7.pdf), and Footnote 6 (Health Department guidance on quarantine and isolation), *supra*.

accumulated by federal, state and local health authorities, it is reasonable for the District to suspect that a student that is in close contact with a COVID-19 positive person may contract and spread COVID-19 as well. To protect other students and staff, the District, through its school nurse, can therefore permissibly temporarily exclude a student until they obtain a negative COVID-19 test from a physician or other health entity. Or until 10-14 days have elapsed, and the student has not shown any symptoms of COVID-19. This is the "determination" that, in the context of COVID-19, Rule 325.175(2) applies to. Thus, the District did not violate the Revised School Code but instead validly exercised its authority under Section 380.11a(3), along with the power granted in Rule 325.175(2), when it temporarily excluded the Student as a close contact. Count I therefore fails to state a claim for relief under Michigan law and should be dismissed as well.

### c. In the alternative, the Court should decline to exercise supplemental jurisdiction.

"[A] federal court should typically decline to exercise pendent jurisdiction over a plaintiff's state-law claims after dismissing the plaintiff's federal claims." *Brown v. Cassens Transp. Co.*, 546 F.3d 347, 363 (6th Cir. 2008) (citation omitted). "Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." *Experimental Holdings, Inc. v.*

*Farris*, 503 F.3d 514, 521 (6th Cir. 2007) (citation omitted). Here, neither judicial economy nor avoiding multiple lawsuits is a concern here. Although the Court can, as discussed above, decide this issue based on the plain language of the statute and Rule, this matter is in the very early stages of litigation. If the Court elects not to decide the state law claim, it should dismiss and permit the state court to decide the issue.

## CONCLUSION

The Plaintiff challenges the District's authority to temporarily exclude the Student for a quarantine to protect the health and welfare of the other students and staff. This challenge is moot since the quarantine ended 7-days after the Plaintiff filed suit. Even if not moot, the Plaintiff fails to state a claim for relief under the 14th Amendment because he cannot challenge the District's legislative decision and summary administrative action is permissible in emergency situations like the COVID-19 pandemic. Further, the Plaintiff fails to state a claim for relief under state law because the District has broad authority to protect student health and welfare and to temporarily exclude if it reasonably suspects a student has a communicable disease until a negative determination is made. Alternatively, if the Court elects not

to decide the state law question, it should dismiss that Count for determination by a state court. For these reasons the District asks that the Court grant its motion and dismiss the Plaintiff Complaint. Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Respectfully submitted,

GIARMARCO, MULLINS & HORTON, PC

/s/ Travis Comstock
TRAVIS COMSTOCK (P72025)
Attorneys for Defendant
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7036
tcomstock@gmhlaw.com

Dated: February 4, 2022

## <u>CERTIFICATE OF COMPLIANCE WITH LCivR 7.2</u>

I certify that the Brief in Support was created using Microsoft 365 Word, and that the Brief contains 4,842 words in the text and footnotes, exclusive of the caption, Table of Contents, Table of Authorities, indexes, exhibits, signatures, and this Certificate.

GIARMARCO, MULLINS & HORTON, PC

/s/ Travis Comstock
TRAVIS COMSTOCK (P72025)
Attorney for Defendant

Dated: February 4, 2022

## <u>CERTIFICATE SERVICE</u>

TRAVIS COMSTOCK states that on February 4, 2022, he did serve a copy of the foregoing document via the Court's electronic filing system and by mailing by first-class postage prepaid the document to the Plaintiff at Corey Spencer, 9886 N. 32nd Street, Richland, MI 49083.

GIARMARCO, MULLINS & HORTON, PC

/s/ Travis Comstock
TRAVIS COMSTOCK (P72025)
Attorneys for Defendant
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7036
tcomstock@gmhlaw.com

21